UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND NORMAN JACKSON, JR.,

    *Plaintiff*,

v.

MARTIN O'MALLEY, *in his official capacity as Commissioner of the Social Security Administration*,

    *Defendant*.

Civil Action No. 20-3306 (TJK)

## MEMORANDUM ORDER

Plaintiff sued to challenge the Commissioner of the Social Security Administration's final decision to deny him Disability Insurance Benefits and Supplemental Security Income. Magistrate Judge Robin Meriweather recommended that the Court find that the administrative law judge who originally decided the matter had failed to properly assess certain of his impairments. Thus, she recommended that the Court remand this matter to the Social Security Administration for further proceedings. Defendant does not object to that recommendation. Plaintiff, on the other hand, *does* object, but only to the extent that Judge Meriweather recommended the Court remand for further proceedings. He asks the Court to instead order the agency to find him disabled and award him benefits immediately. For the reasons explained below, the Court will adopt Judge Meriweather's Report and Recommendation in full and remand the matter to the agency.

\*    \*    \*

Plaintiff sued to appeal a final decision made by the Commissioner of the Social Security Administration in April 2020 to deny his application for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1; ECF No. 11-2 at 27. After suffering an acute type-A

thoracic aortic dissection in March 2017, his impairments include a below-the-knee amputation of his left leg, various heart conditions, and blindness in one eye. ECF No. 11-2 at 19. An administrative law judge ("ALJ") found that he was not disabled under the Social Security Act, 42 U.S.C. § 405(g), and denied him benefits. ECF No. 11-2 at 27. After he filed suit, the Court referred the case to Judge Meriweather, who filed a Report and Recommendation, ECF No. 22, in December 2023 urging that Plaintiff be granted relief in substantial part. She found that the ALJ failed to thoroughly evaluate Plaintiff's ability to "ambulate effectively" and recommended that his case be remanded to the agency to consider all the relevant factors. ECF No. 22 at 17–19. Defendant does not object to the Report and Recommendation. Plaintiff objects to the remedy only, arguing that the Court should order the ALJ to find him disabled and award him benefits immediately. ECF No. 23.

Under Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to a magistrate judge's proposed findings and recommendations. The Court must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72; *see also* LCvR 72.3(b). The Court reviews those portions of the report and recommendation without specific objections for "clear error." *Tsige v. Fac. Prac. Plan,* No. 13-cv-7148, 2014 WL 1378310, at *1 (D.C. Cir. Mar. 25, 2014).

Plaintiff objects only to the extent that Judge Meriweather recommended remand for further proceedings. He seeks instead to have the Court order the ALJ to find him disabled and award him benefits. ECF No. 23. But a plaintiff seeking an immediate award of benefits must clear a high bar. Such a remedy is only appropriate "where the evidence on the record as a whole is clearly indicative of disability and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits." *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 111 (D.D.C. 2010)

2

(citation omitted). A court-directed award of benefits is inappropriate when the ALJ "left the factual record less than fully developed," *Grant v. Kijakazi*, 619 F. Supp. 3d 128, 140 (D.D.C. 2022), or when "additional evidence . . . can be produced to remedy defects in the original administrative hearing," *Martin v. Apfel*, 118 F. Supp. 2d 9, 18 (D.D.C. 2000).

Plaintiff does not clear that high bar. As explained by Judge Meriweather, the ALJ failed to assess a key element of effective ambulation, which is whether Plaintiff is "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00.B.2.b(2); *see* ECF 22 at 17. She reasoned that the ALJ "should be given an opportunity to address that factual issue [how far Plaintiff can walk] in the first instance, weigh the relevant evidence, and explain his conclusion." ECF No. 22 at 19. The Court concurs. Plaintiff relies on, among other evidence, a doctor's opinion that he is "limited to walking only the length of the average city block," as well as his own claims that he has trouble walking more than short distances. ECF No. 23 at 12. Of course, such evidence is relevant to whether Plaintiff can effectively ambulate, but other evidence in the record suggests Plaintiff might be able to ambulate unassisted or with the use of a cane. *See* AR 77, 400, 1025, 1027. And it is not the Court's role to reweigh the evidence before the agency. *See Dunham v. Astrue*, 603 F. Supp. 2d 13, 22 (D.D.C. 2009) (remanding for further proceedings rather than awarding benefits because further factual determinations were necessary to determine whether applicant could ambulate effectively). Rather, as Judge Meriweather noted, "[i]t is the ALJ's responsibility to determine the persuasiveness of a medical opinion, and courts should neither second-guess the ALJ's credibility findings nor re-weigh the evidence." ECF No. 22 at 22 (citing *Cunningham v. Colvin*, 46 F. Supp. 3d 26, 32 (D.D.C. 2014)) (internal citations omitted).

4

Thus, for all the above reasons, it is hereby **ORDERED** that Judge Meriweather's Report and Recommendation, ECF No. 22, is **ADOPTED IN FULL**; Plaintiff's Objection to the Report and Recommendation, ECF No. 23, is **OVERRULED**; Plaintiff's Motion for Judgment of Reversal, ECF No. 15, is **GRANTED IN PART** and **DENIED IN PART**; the Commissioner's Motion for Judgment of Affirmance, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**; and this matter is **REMANDED** to the Social Security Administration for proceedings consistent with the Report and Recommendation and this Memorandum Order.

This is a final, appealable Order. The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 8, 2024